**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-10050 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-00047-LRH-CLB-1 |
| v. | |
| ERIC ROMERO-LOBATO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted January 12, 2021
San Francisco, California

Before:  WALLACE and M. SMITH, Circuit Judges, and RESTANI,[**] Judge.

In May 2018, Eric Romero-Lobato (Appellant) was indicted on one count of being a deported alien found unlawfully in the United States, in violation of 8 U.S.C. § 1326(a). Appellant's current illegal reentry charge is based on four prior removals, during which he made sworn statements confirming his illegal reentry

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

into the United States and his status as an alien. Prior to trial, the district court denied Appellant's motion to dismiss the charges on the grounds that his 1996 deportation was illegal. At a pre-trial conference, the parties confirmed their readiness to proceed to trial and that trial documents would be submitted no later than noon on Friday, January 3, 2020. This included complete exhibit lists and proposed jury instructions. Appellant submitted five untimely filings, two of which were submitted the morning of trial.[1]

Trial began the morning of January 6, 2020 and the jury was sworn. Defense counsel emphasized its untimely filings were critical to Appellant's only defense to the government's case: casting doubt on his alienage by showing that he may be entitled to derivative citizenship. The government expressed concern that the defense was similar to an already denied attempt to dismiss the case based on the legality of the 1996 deportation. The district court judge declared a mistrial to allow for briefing on the issues raised by defense counsel in the late filings. Appellant filed a motion to dismiss the 8 U.S.C. § 1326(a) charge against him with prejudice on double jeopardy grounds. Appellant appeals the district court's denial of this motion. We affirm. Because the parties are familiar with the facts, we do

---

[1] The untimely filings include: three proposed jury instructions filed ex parte and under seal which went to the defense theory of derivative and acquired citizenship, a motion in limine to preclude the government from referencing Appellant's prior criminal convictions, and three amended exhibit lists.

not recount them here, except as necessary to provide context.

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's denial of a motion to dismiss on double jeopardy grounds de novo. *United States v. Hickey*, 367 F.3d 888, 891 n.3 (9th Cir. 2004). We review the determination that a mistrial was warranted by manifest necessity for abuse of discretion. *United States v. Chapman*, 524 F.3d 1073, 1083 (9th Cir. 2008). Once a jury is impaneled, a district court may only declare a mistrial where a defendant consents or if there is "manifest necessity." *United States v. Bates*, 917 F.2d 388, 392–93 (9th Cir. 1990). A trial judge's sua sponte declaration of mistrial "based on his or her own observations and personal assessment that a fair trial would be impossible . . . must be given special deference." *Chapman*, 524 F.3d at 1082.

Because Appellant did not consent, the question in front of the court is whether "manifest necessity" justified the district court's declaration of mistrial. In analyzing whether "manifest necessity" existed, we consider whether the district court "(1) heard the opinions of the parties about the propriety of the mistrial, (2) considered the alternatives to a mistrial . . . [and/or] (3) acted deliberately instead of abruptly…." *Chapman*, 524 F.3d at 1082 (quoting *Bates*, 917 F.2d at 396).[2]

---

[2] *Bates* also presents a fourth factor to consider: the benefit to a defendant of a mistrial. 917 F.2d at 397 (citing *United States v. Jorn*, 400 U.S. 470, 483 (1971) ("A mistrial granted to benefit the defendant is favored" and a reviewing court must be "careful not to use hindsight to second-guess a trial court's conclusion that a mistrial was important to protect a defendant's rights[.]"). It is unclear how this

3

*Hearing from the parties*

In order to exercise sound discretion, a trial judge should provide parties with an "opportunity to explain their positions on the propriety of a mistrial." *Arizona v. Washington*, 434 U.S. 497, 515–16 (1978); *see also Bates*, 917 F.2d at 396 ("trial courts are much more likely to have exercised sound discretion when they listen to the parties before declaring a mistrial and dismissing the jury."). Here, the record shows that Appellant was afforded such an opportunity when defense counsel objected to the mistrial and incorporated other arguments by reference.

*Considering the alternatives*

The district court considered multiple alternatives before declaring a mistrial. The trial judge provided Appellant an opportunity to waive his alienage defense and associated jury instruction to proceed with the trial. In its denial of Appellant's motion to dismiss, the trial judge states that it considered three other alternatives: (1) a continuance to allow the parties to brief the issue, (2) allowing

---

factor should be weighed given somewhat conflicting Supreme Court precedent. *See Chapman*, 524 F.3d at 1082 n.3. We need not decide this, however, because the first three *Bates* factors support our determination that the district court did not abuse its discretion in granting a mistrial. An analysis of this fourth factor would only further support our conclusion. By declaring a mistrial, the district court allowed Appellant to preserve his only defense, affording him the opportunity to demonstrate that there was a sufficient basis to present it to the jury, which did not yet exist.

Appellant to raise the disputed facts at trial and then rule on the proposed jury instruction prior to closing arguments, and (3) striking Appellant's untimely filings and prohibiting the presentation of evidence not listed in the timely filed exhibit list. The district court is not required to articulate all the factors which informed its discretion at the time of the mistrial. *Washington*, 434 U.S. at 516–17; *Chapman*, 524 F.3d at 1081. The judge made clear that he believed the trial could not continue and the record supports his determination that the alternatives considered would not have resulted in a fair trial because extensive briefing on the untimely raised defense issues was required, causing a delay. This is further supported by the judge's immediate scheduling of briefing and a new trial date.[3] The district court's determination in this context "must be given substantial deference." *Chapman*, 524 F.3d at 1083.

<em>Deliberate instead of abrupt action</em>

A trial judge must act rationally, deliberately and take "great care to avoid a premature mistrial declaration." *Bates*, 917 F.2d at 397 (citation omitted). Abrupt and precipitate action is inconsistent with an exercise of sound discretion. *Id.* The prompt action taken by the district court suggests the judge exercised sound

---

[3] The evidentiary hearing scheduled for Appellant to present evidence on his proposed derivative citizenship defense and the new trial date were vacated, pending the outcome of this appeal.

discretion because in declaring a mistrial he deliberately acted to avoid further problems resulting from defense counsel's late filings.

On balance, applying *Bates* to the circumstances of this case indicates that the district court exercised sound discretion in declaring the mistrial. The record supports the district court's determination of manifest necessity—a determination that is entitled "special deference." *Chapman*, 524 F.3d at 1082, 1083–84; *see also Washington*, 434 U.S. at 514. Therefore, the Fifth Amendment's double jeopardy clause does not bar retrial. *Chapman*, 524 F.3d at 1083–84. Accordingly, the district court's denial of Appellant's motion to dismiss the indictment on double jeopardy grounds is **AFFIRMED.**